# Griffith *v.* Herr.

*Contract—Sale—Misrepresentation—Evidence.*

In an action upon a promissory note given to plaintiff as part of the purchase money for the stock and fixtures of a millinery store, evidence is properly excluded to the effect that the goods purchased were of less value than the defendant paid, where the evidence shows that the first overture for the purchase came from the defendant, that the defendant, aided by her brother, a man of business experience, made an inventory of the goods, that the stock and private marks of the seller were over a considerable period open to inspection, that the defendant did not secure expert assistance, that there was no assumption by the vendor of a position of confidence towards the vendee, and that her assertions as to the value of the stock were not beyond the commendation which a vendor is permitted to put upon goods offered for sale, and susceptible of inspection.

Payment for the stock and fixtures of a millinery store cannot be resisted by reason of alleged false representations as to the amount of business done, where it appears that the purchaser did not buy the business or good-will, but merely the stock and fixtures, and that the book containing plaintiff's sales covering a period of two or three years preceding the sale was exhibited to the purchaser,.and that in this book, although the amounts of sales were not carried forward to the total, the purchaser might by the simplest of calculations have determined the accuracy of the statements of the plaintiff in this regard.

Argued May 10, 1901. Appeal, No. 11, April T., 1901, by defendant, from judgment of C. P. No. 2., Allegheny Co., April T., 1898, No. 802, on verdict for plaintiff in case of A. R. Griffith v. M. M. Herr and H. L. Herr. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a promissory note. Before SHAFER, J.

At the trial it appeared that the note was given in part payment for the stock and fixtures of a millinery store.

The court charged in part as follows:

[The complaint on the part of the defendants is first, that all these things were taken at far too high a price. As a matter of course that could not be allowed by way of defense by itself. It was then contended by the defendants that many of these goods that were not staple goods were marked at the cost price

in this inventory and were not marked down; and upon that theory we allowed evidence to be admitted as to a large number of goods as to their value. It appeared, however, in the evidence of Mr. Herr, who seemed to be doing most of this work on behalf of the purchaser, that he knew all the time that these were being taken at the cost price and that the taking and marking them down appeared to have got, as he said, "lost in the shuffle" in some way, that he knew they were taken at the cost marks; that afterwards, at the conclusion of the inventory he spoke about that to Miss Griffith and about there being a reduction made according to this contract; that she suggested to him that when the twenty-five per cent was taken off that would make it all right, and that they then acquiesced in that.

That is what he told us yesterday. This morning he says, in general, that he didn't know how that was; but taking the specific statements as to facts which he gave us yesterday, we have to take for granted that he did know, or at least that those specific facts were proven.

Under that state of facts we have come to the conclusion that it was improper for us to admit—and if we had known that fact we would not have admitted—the evidence as to the value of these goods.] [19]

[Therefore, I say to you that as far as this evidence goes, it does not appear that these parties were not dealing in the usual way between vendors and purchasers, and that there was any relation of confidence existing between them.] [20]

[There has also been something said here about the good-will of this institution. The good-will is not strictly a subject of sale here. The subject of sale is not even the millinery store, but the stock and fixtures contained in the store; but the fact that Miss Griffith agrees not to enter into the business again would appear to have some bearing on that, and it is probable that the good-will did enter into this, and we have some evidence—contradicted of course—but we have evidence which would tend to show that the sales in that store had been stated somewhat too high by Miss Griffith. But as we have no evidence that that did any harm, or that the good-will of the store was worth less than what was paid for it, I do not see how we have to leave anything to you to determine on that, and I therefore direct you to find a verdict for the amount of the two notes,

with interest, which, as claimed by the parties—and if the calculation should turn out wrong we will have that corrected—is $1,180.32; and from that, if you find that any of these goods were raised, as claimed by the defendants, by changing the cost marks, you will subtract whatever the difference in value of these goods were alleged to be. I am sorry we cannot refer to the evidence and give you that exactly, but you can remember it. It was a very small amount, and as I said before, I think I am overstating it when I say it was certainly not over $25.00.] [21]

Verdict and judgment for plaintiff for $1,180.32. Defendant appealed.

*Errors assigned* among others were (19–21) above instructions, quoting them.

*J. M. Stoner,* for appellants, cited: Kreamer v. Smith, 187 Pa. 209; Taylor v. Saurman, 110 Pa. 8; Edelman v. Latshaw, 180 Pa. 424; Huffstetter v. Buzett, 32 Ind. 293; Picard v. McCormick, 11 Mich. 68.

*A. O. Fording,* with him *Carey & Mullins,* for appellee, cited: Lord v. Grow, 39 Pa. 88; Fraley v. Bispham, 10 Pa. 320; Carson v. Baillie, 19 Pa. 375; Selser v. Roberts, 105 Pa. 242; Edwards v. Hathaway, 1 Phila. 547.

OPINION BY WILLIAM W. PORTER, J., July 25, 1901:

This action is upon a promissory note given by the defendants to the plaintiff as part of the purchase money (due by M. M. Herr, one of the defendants) for the stock and fixtures of a millinery store. The sale was not hastily consummated. Ample opportunity was given to the purchaser to inspect. A written agreement prepared by the purchaser's brother, H. L. Herr, was entered into setting forth the manner in which an inventory should be taken and a valuation put upon the goods. H. L. Herr (a business man of some experience) participated in the transaction and aided his sister by his judgment, in the labor of making out the inventory of the goods and in seeing that the valuations were properly put upon them by the plaintiff in accordance with the terms of the agreement. The buyer

and seller were at the inception of the transaction, strangers to each other. The first overture came from the buyer. They dealt throughout practically at arm's length. There was no assumption by the vendor of a position of confidence toward the vendee although it is alleged that the seller was told that neither the buyer nor her brother had any knowledge of the millinery business. The facts recited show that the case presented was one to which the doctrine caveat emptor clearly was applicable: Selser v. Roberts, 105 Pa. 245. This being true the learned trial judge was right in excluding testimony offered tending to show that the goods purchased were of less value than the defendant paid. The defendant and her brother as we have seen both participated in the work of making up the inventory and appraisement. The stock and the private marks of the seller were over a considerable period open to inspection. If the defendants were ignorant of the values it was their misfortune. It was open to them to secure expert assistance had they desired. Nothing offered to be shown by the defendants amounts to fraud on the part of the plaintiff whose assertions as to the value of the stock were not beyond the commendation which a vendor is permitted to put upon goods offered for sale and susceptible of inspection. It is contended that representations were made as to the amount of business theretofore done by the plaintiff; that these were false and that they were to the injury of the defendant. It is to be observed that the defendant did not buy a business but stock and fixtures; that no purchase was made of good will and that the book containing the plaintiff's sales covering a period of two or three years preceding the sale was exhibited to the defendant, M. M. Herr, and to her brother. These facts we think answer the defendant's contention. Although in the book the amounts of sales were not carried forward to a total, the defendants might by the simplest of calculations have determined the accuracy of the statements of the plaintiff in this regard.

We are of opinion that no error was committed at the trial. It may even be that the learned judge would have been justified in withholding from the jury the one question he submitted, namely, as to a possible fraud growing out of some apparent and insignificant changes on the cost markings on some of the goods: Kreamer v. Smith, 187 Pa. 211. Without noticing the twenty-one assignments in detail we affirm the judgment.